UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---
RUBEN MARTINEZ CRUZ,

                              Plaintiff,                        9:09-CV-0378
                                                                                              (TJM/GJD)

    v.

MS. WEATHERHUT, RN; VIGAR OUDSI, MD,

                              Defendants.
---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| RUBEN MARTINEZ CRUZ<br>Plaintiff, *pro se* | |
| HON. ANDREW M. CUOMO<br>New York State Attorney General<br>Attorney for Defendants | AARON M. BALDWIN, ESQ.<br>Assistant Attorney General |

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION AND ORDER

      Plaintiff Ruben Martinez Cruz commenced this civil rights action pursuant to 42 U.S.C. § 1983 in April, 2009.  By Order of Magistrate Judge Gustave J. Di Bianco filed April 7, 2009, plaintiff was granted leave to proceed *in forma pauperis* and the U.S. Marshal was directed to effect service of the summons and complaint on the defendants.  Dkt. No. 5 (the "April Order").  However, service of the April Order on plaintiff at his address of record in this action was returned, marked as undeliverable. Dkt. No. 7.  Information available on the public web site maintained by the Department of Correctional Services indicates that plaintiff was released from New York state prison to "Immigration" on April 6, 2009.  *See* www.docslookup.docs.state.ny.us (query DIN # 05-A-0374).

      By letter dated May 18, 2009, counsel for defendants requested that their

obligation to respond to plaintiff's complaint be stayed until such time as plaintiff notified the Clerk of the Court of his current address. Dkt. No. 8. The request was granted and plaintiff was directed to inform the Court of his current address forthwith. Dkt. No. 9 (the "May Order").

In early June, 2009, the Clerk's Office learned that plaintiff is confined at the Schoharie County Correctional Facility.[1] Accordingly, the May Order was re-served on plaintiff at that facility on June 12, 2009.

As of the date of this Order, plaintiff still has not complied with the Court's direction that he advise the Clerk of his current address, nor has he otherwise communicated with the Clerk or the Court regarding his intention to pursue his claims in this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. Fed.R.Civ.P. 41(b); see *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962).[2] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citations omitted).

All parties are obligated to inform the court of any address changes. In relevant

---

[1] Plaintiff is awaiting sentencing in an unrelated criminal mater. *United States v. Cruz*, 1:09-CR-248 (GLS).

[2] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed.R.Civ.P. 41(b).

part, Local Rule 10.1(c)(2) states that "**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" N.D.N.Y.L.R. 10.1(c)(2) (emphasis in original).  As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (citations omitted).

Local Rule 41.2(a) includes the following provision regarding a litigant's duty to prosecute an action diligently:

> In the absence of an order by the assigned judge or magistrate judge setting any date for any pretrial proceeding or for trial, the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.

N.D.N.Y.L.R. 41.2(a).  In addition, Local Rule 41.2(b) provides that "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).

The correctness of a Rule 41(b) dismissal for failure to comply with an order of the Court or the procedural rules of the Court is determined in light of five factors: (1) the duration of the plaintiff's failure to comply; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in

3

managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration, the Court finds that each of these five factors weighs in favor of dismissal of this action. While the record does not disclose the exact date on which plaintiff left Altona Correctional Facility (his address of record),[3] more than three months have elapsed since the Clerk of the Court first learned that his address had changed. Indeed, plaintiff has not communicated with the Clerk or the Court about **any** aspect of this litigation since he filed his complaint. Accordingly, while not conclusive evidence that plaintiff does not intend to prosecute this action, the Court finds this period of noncompliance with the requirement that he notify the Clerk's Office and defendants "forthwith" of his current address weighs in favor of dismissal.

As to the second factor, plaintiff was given specific notice in both the April Order and the May Order of his obligation to notify the Clerk's Office and defendants "forthwith" of his current address. See Dkt. No. 9 at 1. While service of the April Order on plaintiff was not successful, there is no indication in the record that the May Order was not received by him. Thus, this factor also weighs in favor of dismissal.

The Court finds that defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses and the preservation of evidence. Under the circumstances, the need to alleviate congestion on the Court's docket outweighs plaintiff's right to receive a further chance

---

[3] Mail returned from Altona indicated that plaintiff had been transferred to Orleans Correctional Facility prior to his release from DOCS custody. See Dkt. No. 7.

to be heard in this case. Accordingly, the Court finds that both the third and fourth factors support dismissal of this action.

Lastly, the Court has carefully considered whether a sanction less drastic than dismissal is available and concludes that there is no meaningful way to procure plaintiff's "reappearance" in and active prosecution of this action. Moreover, simply waiting for plaintiff to comply with his obligations is not likely to be fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of plaintiff's prolonged failure to notify the Clerk of the Court or defendants' counsel of his current address and to take action in furtherance of his claims, the Court hereby dismisses this action.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to Fed.R.Civ.P. 41(b), and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties.[4]
IT IS SO ORDERED.
Dated: July 28, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

---

[4] Service shall be made by mailing a copy of this Decision and Order to plaintiff at Schoharie County Correctional Facility.

5